Crooks, Auditor, *v.* The State, *ex rel.* Ramsey.

———————◆———————

No. 14,710.

CROOKS, AUDITOR, *v.* THE STATE, EX REL. RAMSEY.

DRAINAGE.—*Ditch Extending into More than One County.—Repairs.—How Paid for.—Statute Construed.*—Under section 10, Acts 1885, providing for the construction and repair of ditches extending into more than one county, where the surveyor of the county in which the ditch was established repairs a ditch extending into another county, it is his duty to apportion the cost and certify to the county auditor of each county such portion as is chargeable against the lands in such county. It is then the duty of the county auditor of each county to draw his warrant on the treasury for such portion of the cost as is chargeable against the lands in his county, for which amount the treasurer of such county will be reimbursed by the collection of the assessments against the lands in such county.

From the Hamilton Circuit Court.

*W. S. Christian,* for appellant.

*J. Stafford* and *T. E. Boyd,* for appellee.

OLDS, C. J.—This is a proceeding by the appellee against the appellant for mandate.

The error assigned is the overruling of appellant's demurrer to the alternate writ of mandate.

By proceedings had in the circuit court of Hamilton county in 1886 there was established, and afterwards constructed, a ditch known as the John M. Endicott ditch, being about four miles in length, two and one-half miles of which were in Hamilton county and one and one-half miles in Tipton county.

In June, 1888, the surveyor of Hamilton county determined that said ditch required cleaning out and repairing, and he entered into a contract with the relator, Ramsey, to clean out and repair said ditch, for which the relator was to have the sum of $37\frac{1}{2}$ cents per rod ; that, on the 1st day of November, 1888, said surveyor made an assessment and apportionment of the costs of said work upon the lands originally adjudged to be benefited by the construction of said ditch, and made a record of the same in his office, and posted notices as required by law, and soon after that time said surveyor made out a certified copy of the assessment so made by him on the lands benefited in Hamilton county, and filed it with the auditor of said county, and made out a like certified copy of the lands assessed in Tipton county, and filed it with the auditor of Tipton county; that the cost of repairing assessable to the lands in Tipton county was one hundred and seventy-five $\frac{99}{100}$ dollars; that, on the 19th day of December, 1888, after the work had been completed, the surveyor certified the costs of cleaning out and repairing that portion of the ditch situate in Tipton county to the auditor of Hamilton county, certifying the amount, $175.99, to be due the relator. The auditor of Hamilton county refused to draw his warrant on the treasurer in favor of said Ramsey for said amount due to him for repairing the ditch in Tipton county, and assessable against the lands situate in Tipton county, and said Ramsey brought this suit to compel the auditor to draw a warrant on the treasurer of Hamilton county

in favor of said relator for the amount due him for repairing that portion of the ditch situate in Tipton county.

The question presented must be determined by the construction to be placed on section 10 of the Acts of 1885, p. 141.

The only part of section 10 bearing upon the question reads as follows :

" After the construction of any such work the county surveyor of the county in which the proceedings were had for the construction thereof, shall keep the same in repair to the full dimensions, as to width and depth, as required in the original specifications, and certify the cost thereof, including his own per diem, to the county auditor, who shall draw his warrant on the county treasurer payable to the person to whom the money is owing, which warrants shall for the time being be paid out of the county revenue, but the treasury shall be reimbursed as hereinafter provided.   To raise the necessary money to reimburse the treasury, he shall apportion and assess the cost of such repairs upon the lands adjudged by the court benefited by the construction of the ditch, in like proportion as benefits were assessed against said lands for the construction of said work :   *Provided,*" etc.

The proviso relates to cases where the ditch is obstructed by any particular person, and to the making of a record of the assessments, giving notice, and for an appeal.   It then provides that " When such appeal is disposed of, the clerk of said court, or if no appeal is taken as above provided for, the county surveyor, shall make out a certified copy of the assessment as confirmed by the court in one case and as made in the other, and file the same with the auditor of the county in which said proceedings are had, or if the land assessed is in more than one county, then with the auditor of each county.   The auditor of each county shall place so much of such assessments as are against land in his county upon the next succeeding tax duplicate, and such assessment shall be a lien from the time of posting the original notices

of such assessments, and shall thereafter be collected as other State and county taxes are collected."

The drainage law, of which section 10, *supra*, is a part, provides a system for the drainage of wet lands whereby the cost of such drainage shall be assessed against the lands benefited, requiring each owner of land benefited to pay his *pro rata* share of the cost, and in case any such expense shall be paid out of the county treasury that the treasury of such county so paying the same shall be reimbursed on the benefits assessed being collected.

Section 10, *supra*, provides for the assessment against the lands benefited in each county the amount necessary to clean · out and repair the ditch in such county, or in other words, the *pro rata* share of the cost chargeable to the lands in each county shall be assessed against the lands and certified to the county auditor of the county in which such lands are situated, to be collected by the treasurer to reimburse the county treasury for the amount paid out in making such repairs.

In this case the amount due for cleaning out that portion of the ditch in Tipton county is separated from the amount due for cleaning out the portion of the ditch situated in Hamilton county, and the amount so due the contractor for cleaning out the ditch in Tipton county, and chargeable against the lands situated in Tipton county, was certified to the auditor of Hamilton county, and on his refusal to draw his warrant on the treasurer of said Hamilton county for the amount, this proceeding was brought to compel him by mandate to draw his warrant on the treasurer of Hamilton county for said sum.

If this proceeding is maintained, and Hamilton county is compelled to pay the amount due for cleaning out that portion of the ditch lying in Tipton county, and which amount is chargeable against the lands benefited and situate in said Tipton county, the amount assessable against the lands in Tipton county will be collected by the treasurer of that

county, but there is no provision in the law by which Tipton county is required to pay over to Hamilton county the sum so collected, or by which Hamilton county has the right to compel such payment, so that to give the statute such a construction puts the Legislature passing it in the anomalous position of having authorized the county surveyor of the county in which a ditch is established to clean out the ditch extending into another county, apportioning the amount, and assessing the same *pro rata* against the lands benefited, and certifying the total amount due to the county auditor in the one county, and compelling the payment by such county, and authorizing that portion due for cleaning out the portion of the ditch situated in such other county against the lands in the other county to be collected, and for aught that appears in the statute such amount is to be retained by such county treasurer so collecting it.

The law expressly provides that such assessments are made for the purpose of reimbursing the county treasury for the amount paid out, and requires the county surveyor to certify the cost to the county auditor without designating to what county auditor, and in the same section it is made the surveyor's duty to apportion the cost to all the lands, and certify to the county auditor the assessment made against the lands in each county respectively. If the statute be construed, as we think it ought, to apportion the cost and certify to the county auditor of each county such portion as is chargeable against the lands in such county, and to require the county auditor of each county to draw his warrant on the treasury for such portion of the cost as is chargeable against the lands in his county, and for which amount the treasury of such county will be reimbursed by the collection of the assessments against the lands in such county, it will constitute one harmonious system, requiring each county to pay in the first instance the amount assessed against the lands in such county for the repairs to be reimbursed by the collection of the assessment.

This we think the reasonable and proper construction of the statute, and what was intended by the Legislature.

It appears by the alternate writ of mandate in this case that the portion of the cost of repairing the ditch, which was certified to the auditor of Hamilton county, and for which he refused to draw a warrant on the treasurer, was for the amount and portion due the contractor, which was assessable against the lands benefited and situated in Tipton county, and if compelled to draw his warrant for the amount, as held by the trial court, the Hamilton county treasury would be depleted to that amount, and the amount when collected on the assessments by the treasurer of Tipton county would go into the treasury of said county, with no provision whereby the same should be transferred from the treasury of Tipton county to the treasury of Hamilton county. Such a state of affairs, in our opinion, is not contemplated by the statute, but it was intended in the first instance that the surveyor should divide the cost, certifying to the auditor of each county the portion of the cost assessable against the land in each county.

The conclusion we have reached leads to a reversal of the judgment.

Judgment reversed, at costs of the appellee, with instructions to sustain the demurrer to the alternate writ of mandate.

Filed Jan. 17, 1891.